UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WILLIAM LEE
12000 Trim Lane
Bowie, Maryland 20715

    Plaintiff,

vs.                                                                      CASE NO.:

SITE MANAGEMENT, INC.
2141 Industrial Parkway
Silver Spring, Maryland 20904

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

WILLIAM LEE sues SITE MANAGEMENT, INC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 et.seq., and alleges:

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq. (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and Local Rules of the United States District Court for the District of Maryland, in that all events giving rise to this lawsuit occurred in the Southern District of Maryland, in Prince George's County.

3.    William Lee (the "plaintiff") is a resident of the State of Maryland and is an individual with a qualified disability under the ADA. The plaintiff has cerebral palsy, a "qualified disability" under the ADA and all other applicable federal statutes and

1

regulations, and uses a wheelchair for mobility.

4. Site Management, Inc. (the "defendant") is a Maryland corporation authorized to conduct and conducting business in the State of Maryland. Upon information and belief, defendant is the operator of the real property and improvements, which are the subject of this action, to wit: Greenway East Professional Center, located at 7525 Greenway Center Drive, Greenbelt, Maryland (the "Office Park")

5. On or about July 26, 1990, Congress enacted the ADA, which required, in part, that owners and/or operators of places of public accommodations remove architectural barriers to access at their places of public accommodations.

6. The owners and/or operators of places of public accommodations had one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181 and 28 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Office Park operated by the defendant is a place of public accommodation, in that it is a office park, containing within its premises professional offices of medical care providers and other professional service providers.

8. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

9. Prior to the filing of this lawsuit, the plaintiff visited the Office Park and encountered the architectural barriers to access set forth in this Complaint and therefore suffered an injury in fact. The plaintiff has now and continues to have reasonable

grounds for believing that he has been and will be discriminated against in the future because of the defendant's continuing violations of the ADA.

10. The plaintiff was denied full, safe and equal access to the accommodations offered at the Office Park due to the presence of architectural barriers to access therein. The plaintiff continues to desire to visit the Office Park and has a present intention to visit the Office Park in the future, but continues to be discriminated against due to the violations of the ADA that remain therein.  The defendant has discriminated, and continues to discriminate against the plaintiff, and others who are similarly situated, by denying them full, safe and equal access and enjoyment to the goods, services, facilities, privileges, advantages and/or accommodations at the Office Park in derogation of 42 U.S.C. § 12101 et. seq.

11. The defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R.36.302 et. seq., and is discriminating against the plaintiff as a result of inter alia, the following specific barriers to access:

    i. Some of the 'accessible' parking spaces are located on too steep of a slope.  See §4.6.3 of the ADAAG.

    ii. Some of the 'accessible' parking spaces lack adequate and compliant adjacent access aisles.  See §4.6.3 and Figure 9 of the ADAAG.

    iii. A curb ramp protrudes into the access aisle of an adjacent 'accessible' parking space.  See §4.6.3 of the ADAAG.

    iv. The slopes of some of the curb ramps are too steep.  See §4.8.2 of the ADAAG.

    v. The door opening force of the entry door at the 'accessible' entrance is too heavy.

    vi. The handrails on the ramp outside Suite 110 do not extend onto the upper and lower landings.  See §4.8.5 of the ADAAG.

12. There are other current violations of the ADA at the Office Park operated by the defendant which are not specifically identified herein as the plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by the plaintiff or his representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist at the Office Park, and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the defendant was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, the defendant has failed to comply with this mandate.

15. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the plaintiff's request for injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the plaintiff demands judgment against the defendant and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned operated by the defendant is not in compliance with the mandates of the ADA;

    B. That the Court enter an order directing the defendant to alter the subject property to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an order directing the defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 8th day of December, 2006.

Respectfully submitted,

By: /s/Joel R. Zuckerman
Joel Zuckerman, Esquire
Federal Bar No. 012730
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone: (301) 309-8300
Facsimile:  (301) 309-8303
*Attorneys for the plaintiff*